UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 1:18-cv-20120-DPG

FILIP ISAKOV,

       Plaintiff,

v.

CG RYC, LLC, CG MIAMI RIVER LLC,
FOOD AND LEVERAGE, LLC,
STEPHANE DUPOUX, and
MEYER CHETRIT,

       Defendants.
_____/

## JOINT PLANNING AND SCHEDULING REPORT

Plaintiff, FILIP ISAKOV ("Plaintiff") and Defendants, CG RYC, LLC, CG MIAMI RIVER LLC, FOOD AND LEVERAGE, LLC, STEPHANE DUPOUX, and MEYER CHETRIT (hereinafter, "Defendants"), (Plaintiff and Defendants are referred to herein as the "Parties"), by and through their respective undersigned counsel and pursuant to the Court's Order [DE 12] and S.D. Fla. L.R. 16.1(b), hereby submit this Joint Planning and Scheduling Report. The undersigned counsels certify that they conferred on **March 14, 2018,** in accordance with S.D. Fla. L.R. 16.1 and, as required by Fed. R. Civ. P. Rule 26 (a)(1), and made arrangements for initial disclosures to be exchanged by **March 19, 2018.**

### I. SCHEDULING CONFERENCE REPORT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(F)

    **A.**    **Plain Statement of the Nature of the Claims**

Plaintiff: Plaintiff brought this lawsuit against Defendants based on his employment relationship with River Yacht Club as a server and was supposed to be compensated as a "Tipped

Employee" under the Fair Labor Standards Act ("FLSA"). Plaintiff brought the following five causes of action: (1) violation of the FLSA, 29 U.S.C. §201, *et seq*. for failure to pay the Plaintiff the minimum wage required by the FLSA, (2) violation of the FLSA, 29 U.S.C. §201, *et seq*. for failure to pay the Plaintiff the overtime compensation that is required by the FLSA, (3) breach of contract, (4) accounting, and (5) unjust enrichment. Based on the information available to Plaintiff, Plaintiff seeks $2,441.87, which is the discrepancy between the federal minimum wage and hourly wage paid to him by Defendants. Plaintiff is unable to provide a total damages amount because Defendants are in possession of the specific information concerning the hours Plaintiff worked and the amount of tips withheld from Plaintiff. Plaintiff also seeks attorneys' fees and costs under the FLSA.

Defendants: Defendants are not making a claim against nor seeking damages from Plaintiff, with the exception of attorney's fees and costs if they are the prevailing parties or if the Court determines that such items are recoverable under the applicable rule, statute, or inherent authority.

**B.        Brief Summary of Uncontested Facts**

None at this time.

**C.        Brief Summary of Issues Presently Known**

1.    Whether Plaintiff was paid pursuant to a valid § 207(i) exemption;

2.    Whether Plaintiff was exempt from the FLSA's overtime requirements;

3.    Whether Plaintiff worked in excess of forty hours per workweek;

4.    Whether Defendants failed to pay Plaintiff the overtime pay required by law;

5.    Whether Defendants knew or showed reckless disregard for whether their conduct was prohibited by the FLSA;

6.    Assuming *arguendo*, Plaintiff establishes liability on his FLSA claim, whether he

is entitled to damages such as liquidated damages;

7. Whether the act or omission giving rise to this action was in good faith and Defendants had reasonable grounds for believing that their act or omission was not a violation of the FLSA;

8. Whether a contract existed between Plaintiff and Defendants;

9. Whether Defendants breached that contract; and

10. Whether Plaintiff is entitled to an accounting.

**D.        Whether Discovery Should Be Conducted In Phases or Limited to Particular Issues**

The Parties do not believe that discovery should be conducted in phases.

**E.        Schedule of Discovery**

The Parties propose that discovery shall be completed on or before **October 8, 2018.**

**F.        Proposed Deadlines**

**1. Join Parties and amend pleadings:**

The Parties have agreed that an appropriate deadline to amend the pleadings is **March 23, 2018.**

**2. To file and hear motions:**

The Parties propose that all pretrial motions and memoranda of law (including *Daubert* motions) shall be filed and served on or before **November 5, 2018.**

The Parties propose that all remaining motions *in limine* directed to trial evidence must be filed on or before **January 14, 2019.**

**3. To complete discovery:**

The Parties propose that discovery be completed by **October 8, 2018.**

The Parties have further agreed that in order to comply with the discovery cut-off, any remaining written discovery must be served on or before 30 days before the discovery cut-off.

    **G.**    **Proposed Approximate Dates for Pre-Trial Conference and Trial**

The Parties propose a pre-trial conference date of **January 28, 2019,** and a trial date of **February 11, 2019.**

    **H.**    **Estimated Length of Trial**

The Parties estimate a 2 day jury trial following *voir dire*.

    **I.**    **Pending Motions**

Presently, there are not any pending motions before the Court.

    **J.**    **Unique or Factual Aspect**

None.

    **K.**    **Election of Magistrate**

The Parties agree to submit all discovery matters to the Magistrate. The Parties do not consent to the trial or final disposition of this matter by a Magistrate Judge.

    **L.**    **The Status and Likelihood of Settlement**

The Parties agree to continuously explore the possibility of settlement.

    **M.**    **Rule 26(a)(1) Disclosures**

The Parties agree to exchange initial disclosures by **March 19, 2018.**

    **N.**    **Other Matters Required by Local Rule 16.1(B)**

        1.  **Likelihood of Appearance of Additional Parties:**

Plaintiff – None at this time.

Defendants – None.

        2.  **Mediation:**

Mediation will be complete by **September 3, 2018**.

## II.	RULE 26(f) DISCOVERY PLAN REPORT

A.	**Proposals as to what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) will be made.**

The Parties do not propose any changes as to the requirement or form of disclosures under Fed.R.Civ.P.26(a)(1). The parties agree to exchange the information required by Fed.R.Civ.P. 26(a)(1) on or before **March 19, 2018.**

B.	**The subjects on which discovery may be needed:**

The Parties anticipate that discovery will be conducted on matters relevant to Plaintiff's claims and Defendants' defenses to Plaintiff's claims.

C.	**Issues about disclosure or discovery of electronically store information, including the form of forms in which it should be produced.**

At this time, the ESI the parties anticipate in discovery includes e-mails, payment systems records, and computer records. The Parties agree that responsive ESI will be produced in one of the following methods: (a) on a CD, flash drive, or other storage device in the format it is ordinarily kept; or (b) scanned in Portable Document Format (PDF). However, if either Plaintiff or Defendants request production in a specific, or other, format, the producing party will provide the ESI in that format subject to whether an agreement needs to be reached to address the cost of such production and who shall bear responsibility for that cost.

D.	**Issues about claims of privilege or protection as trial-preparation materials, including whether to ask the court to include their agreement in an order:**

None at this time.

E.	**Changes in the limitations on discovery imposed under the Federal or Local Rules, and other limitations to be imposed.**

The Parties do not propose any changes to the limitations on discovery imposed by the Federal or Local Rules. The Parties request that the applicable Federal Rules of Civil Procedure

5

and Local Rules of this Court govern interrogatories, requests for admissions, the number of depositions, and the time permitted for the taking of depositions. The Parties further propose that reports from retained experts under Rule 26(a)(2) are to be governed by the applicable Federal Rules of Civil Procedure and Local Rules of this Court.  Supplementations are due within a reasonable time after discovering the need to supplement.

> F. **Any other orders that should be entered by the court under Rule 26(c) or under Rule 16(b) and (c).**

None at this time.

Respectfully submitted this 14th day of March, 2018.

| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
|---|---|
| ZARCO EINHORN SALKOWSKI & BRITO, P.A. <br> Miami Tower <br> 100 S.E. 2nd Street, 27th Floor <br> Miami, Florida 33131-2100 <br> Telephone: (305) 374-5418 <br> Telefax: (305) 374-5428 <br><br> By: *s/ Robert Zarco* <br>    Robert Zarco, Esq. <br>    Florida Bar No. 502138 <br>    Email:  rzarco@zarcolaw.com; <br>    mguedes@zarcolaw.com <br>    Beshoy Risk, Esq. <br>    Florida Bar No. 93808 <br>    Email:  brisk@zarcolaw.com <br>    Margaret T. Lai, Esq. <br>    Florida Bar No. 74395 <br>    Email: mlai@zarcolaw.com | LAW OFFICE OF LOWELL J. KUVIN <br> 17 East Flagler Street, Suite 223 <br> Miami, Florida 33131 <br> Tel.: 305.358.6800 <br> Fax: 305.358.6808 <br><br> By: *s/ Lowell J. Kuvin* <br> Lowell J. Kuvin, Esq. <br> Bar No. 53072 <br> *Law Office of Lowell J. Kuvin* <br> 17 East Flagler Street, Suite 223 <br> Miami, Florida 33131 <br> Tel.: 305.358.6800 <br> Fax: 305.358.6808 <br> PrimaryEmail:lowell@kuvinlaw.com <br> Secondary Email: legal@kuvinlaw.com |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that true and correct copy of the foregoing was filed and served via the Court's CM/ECF system on this 14th day of March, 2018.

By: */s/ Robert Zarco*
Robert Zarco