UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-CV-20120-GAYLES

FILIP ISAKOV,

    Plaintiff,

vs.

CG RYC LLC; CG MIAMI RIVER LLC;
FOOD AND LEVERAGE, LLC;
STEPHANE DUPOUX; AND MEYER CHETRIT,

    Defendants.
_____/

**PLAINTIFF'S MOTION FOR THIRTY DAY EXTENSION OF
TIME TO RESPOND TO DEFENDANT'S MOTION TO DISMISS**
(Expedited Relief Requested)

Plaintiff, Filip Isakov, moves to extend his time to file his Response to Defendants' Motion to Dismiss (Doc. 18) and states:

MEMORANDUM

1. According to the Defendants and unbeknownst to Plaintiff, **Defendants' former attorney filed the current iteration of Plaintiff's Complaint.** As determined by Magistrate Judge O'Sullivan (report and recommendation adopted by Judge Ungaro),[1] this was the same former attorney that advised Stephane Dupoux on implementation of his companies' attempted 29 U.S.C. § 207(i) wage scheme; Plaintiff is heavily prejudiced if he is forced to rely on a pleading

---

[1] "The Zarco firm provided Mr. Dupoux with legal advice concerning the very subject upon which the Zarco firm is presently suing Mr. Dupoux, namely, representation involving an alleged tip credit violation in an FLSA case and the utilization of a 207(i) exemption. … the legal advice that the Zarco firm provided to him regarding the 207(i) exemption … was subsequently utilized by Mr. Dupoux at … the defendant, Food and Leverage, LLC, which manages the defendant, CG RYC, LLC d/b/a River Yacht Club." Bodan v. CG RYC, LLC, et. al., No. 17-cv-24530-UU, Doc. 49, p.13-14 (S.D. Fla. March 14, 2018), report and recommendation adopted at Doc. 58 (S.D. Fla. March 26, 2018)

drafted by Defendants' former attorney.[2]  Further, Plaintiff should not have to defend a Complaint drafted by Defendants' former attorney.

2.  The deadline was previously extended to April 2, 2018 prior to the appearance of the undersigned (Doc. 23).  However, it is illogical for the Plaintiff to have to continue under and defend a pleading drafted by Defendant's own (former) attorney, and Plaintiff should have an opportunity to move to amend his Complaint with sufficient time for the Court to rule on the proposed amendment (prior to briefing in opposition to a Motion to Dismiss which may become moot).  The undersigned appeared in this action immediately upon being retained and is reviewing hundreds of pages of documents and expeditiously drafting the proposed amended complaint.

3.  Plaintiff is discussing with Defendants in good faith whether Defendants will oppose Plaintiff's Motion to Amend.  Plaintiff's counsel has had an initial conference with Defendant's counsel and has asked Defendants' counsel whether Defendants counsel will permit amendment.  Defendant's counsel has informed Plaintiff's counsel that a copy of any proposed amended complaint must be sent to Defendant's counsel before Defendant's counsel will inform Plaintiff whether it opposes such amendment.

4.  Plaintiff has sought in good faith to quickly obtain new counsel and to comply with all deadlines expeditiously.  It was no fault of his own that his counsel was disqualified due to an undisclosed conflict and no fault of his own that his counsel withdrew from this representation.  Plaintiff seeks to amend the Complaint drafted by Defendant's former attorney and shall file his

---

[2] See also Guardiola v. CG RYC, LLC, et. al., No. 18-cv-20127 (S.D. Fla. April 3, 2018) (Doc. 14, p.3; "Defendants' Motion for Sanctions") ("The Zarco Firm previously represented Defendant, STEPHANE DUPOUX ("Mr. Dupoux") in a substantially related case …"); (Doc. 14, p.5) **("[T]he Zarco Firm counseled Mr. Dupoux regarding the utilization of a 207(i) exemption for paying front of the house employees – which is at the heart of the instant action** – and Mr. Dupoux utilitzed the Zarco firm's advice and has been operating a 207(i) exemption ... See Affidavit of Stephane Dupoux and Declaration of Stephane Dupoux") (emphasis supplied)

2

Motion to Amend shortly after this Motion for Extension and/or shall otherwise take such action as may be in the best interest of Plaintiff.

5.　Pursuant to Rule 6(b)(1), Federal Rules of Civil Procedure: **"When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires;** or (B) on motion made after the time has expired if the party failed to act because of excusable neglect." (emphasis supplied).

6.　Good cause exists and it is reasonable to provide the undersigned counsel a brief extension so that Plaintiff's counsel may review and revise the pleadings and filings filed by Defendants' former counsel; further there is good cause because it would be unnecessary, duplicative, and would not serve judicial economy for Plaintiff to move to amend while simultaneously defending against a Motion to Dismiss the Complaint filed by Defendants' former counsel.  The extension will not prejudice Defendant.  Defendant has no pending deadlines and has known that new counsel would appear.

WHEREFORE, Plaintiff respectfully requests that the Court extend the deadline to respond to Defendants' Motion to Dismiss thirty (30) days and grant such other relief as may be deemed just and proper.

Respectfully submitted,

**LAW OFFICES OF PAUL A. SACK, P.A.**
1130 Washington Avenue, Suite 3
Miami Beach, Florida 33139
Telephone: 305-397-8077
Facsimile: 305-763-8057

By:　/s/ PAUL A. SACK, ESQ.
　　　FBN: 363103
　　　Primary: paul@paulsacklaw.com
　　　ps1619@bellsouth.net

R. BRANDON DEEGAN, ESQ.
FBN: 117368
Primary: deegan@paulsacklaw.com

## CERTIFICATE OF GOOD FAITH

I HEREBY CERTIFY that I have complied with Local Rule 7.1(a)(3) and that counsel for Plaintiff has conferred orally with all parties (4/26/18 phone conference) who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion and has been unable to do so. Defendants oppose Plaintiff's Motion for Extension of time.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy hereof has been served by electronic mail upon all persons on the attached service list on April 28, 2018.

Respectfully submitted,

**LAW OFFICES OF PAUL A. SACK, P.A.**
1130 Washington Avenue, Suite 3
Miami Beach, Florida 33139
Telephone: 305-397-8077
Facsimile: 305-763-8057

By:   /s/ PAUL A. SACK, ESQ.
FBN: 363103
Primary: paul@paulsacklaw.com
ps1619@bellsouth.net

R. BRANDON DEEGAN, ESQ.
FBN: 117368
Primary: deegan@paulsacklaw.com

**SERVICE LIST**

LOWELL J. KUVIN, ESQ.
Fla. Bar No. 53072
lowell@kuvinlaw.com
Law Offices of Lowell J. Kuvin, LLC
17 East Flagler Street, Suite 223
Miami, Florida 33131
Tel.: 305-358-6800
Fax: 305-358-6808
Attorney for Defendants

PAUL A. SACK, ESQ.
Fla. Bar No. 363103
Paul A. Sack, P.A.
Attorney for Plaintiff
1130 Washington Avenue, Suite 3
Miami Beach, Florida 33139
Telephone: (305) 397-8077
Facsimile: (305) 763-8057
Primary: paul@paulsacklaw.com
ps1619@bellsouth.net

R. BRANDON DEEGAN, ESQ.
Fla. Bar No. 117368
Paul A. Sack, P.A.
Attorney for Plaintiff
1130 Washington Avenue, Suite 3
Miami Beach, Florida 33139
Telephone: (305) 397-8077
Facsimile: (305) 763-8057
Primary: deegan@paulsacklaw.com